# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:15-CV-422-RJC-DSC

| | |
|---|---|
| **PROFESSIONAL POLICE SERVICES, INC.,** | ) ) ) |
| **Plaintiff,** | ) ) |
| v. | ) ) |
| **HOUSING AUTHORITY OF THE CITY OF CHARLOTTE, N.C., et. al.,** | ) ) ) ) |
| **Defendants.** | ) |

## MEMORANDUM AND RECOMMENDATION AND ORDER

**THIS MATTER** is before the Court on "Defendants' Motion to Dismiss Complaint" (document #4) and the parties' briefs and exhibits.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and this Motion is now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendants' Motion to Dismiss be <u>granted</u> as to Plaintiff's federal claim and that the Court <u>decline</u> supplemental jurisdiction over the remaining state law claims, as discussed below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This action arises from a series of contracts for security services between Plaintiff and Defendant Housing Authority of the City of Charlotte, N.C. (HACC), the bidding process for contract renewal, and HACC's decision to award the contract to another vendor.

In 2007, HACC awarded Plaintiff a contract to provide security services for its buildings and facilities. Through a series of renewals, extensions and modifications, the contractual relationship between the parties continued through January 31, 2015.

In Paragraph 16 of its Complaint, Plaintiff alleges that "Modification No. 5 specifically provided that the services under the Contract would continue to be provided only on a month-to-month basis after September 1, 2014."

On November 3, 2014, HACC initiated a "request for proposals" ("RFP") or bidding process for a new security contract.

On January 8, 2015, HACC awarded the contract to Strategic Protective Services, Inc. Plaintiff appealed the decision and filed a bid protest action. HACC appointed a hearing officer to determine Plaintiff's appeal. Before final briefs were due, HACC decided to re-bid the contract.

On September 9, 2015, and prior to completion of the re-bidding process, Plaintiff filed its Complaint against HACC, Steven Lamphere and Allison Preston. Lamphere and Preston are HACC employees. Plaintiff seeks monetary damages, declaratory relief and injunctive relief under 42 U.S.C. § 1983 alleging violations of its constitutional rights as well as state contract and tort claims.

Defendants' Motion to Dismiss has been fully briefed and is ripe for determination.

## II. DISCUSSION

### A. Standard of Review

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be

enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.. "Where the well-pleaded facts do not permit the court to

enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.. "Where the well-pleaded facts do not permit the court to

infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)).

**B. 42 U.S.C. § 1983 Claim**

42 U.S.C. § 1983 requires two elements to state a valid claim. See, e.g.,42 U.S.C. § 1983; Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970). First, a claimant must plead and prove that a party has deprived it of a right secured by the "Constitution and laws" of the United States. Id. Second, the claimant must plead and prove that the party charged with the deprivation is a state actor acting "under color of law." Id.; Gallagher v. Neil Young Freedom Concert, 49 F.3d 1442, 1447 (10th Cir. 1995). Plaintiff cannot satisfy the first element here because no protected right actionable under 42 U.S.C. §1983 arises from the breach of a contract to provide services.

While Plaintiff generally cites to the 14th Amendment and Equal Protection Clauses of the United States Constitution, the only factual allegations relate to Defendants' alleged breach of contract by wrongfully awarding the services agreement to another party. "The Fourteenth Amendment is only implicated if Plaintiff can show that he had a property interest in the renewal of his contract." Linton v. Frederick County Bd. of County Comm'rs, 964 F.2d 1436, 1439 (4th Cir.1992); Jenkins v. Weatherholtz, 909 F.2d 105, 107 (4th Cir.1990). To determine whether Plaintiff had such a property interest, the court looks to "existing rules or understandings that stem from an independent source such as state law." Board of Regents v. Roth, 408 U.S. 564, 577, 92 S.Ct. 2701 2709, 33 L.Ed.2d 548 (1972). The fact that one- year contracts are generally renewed is not enough to support the finding of a property interest. Sabet v. Eastern Virginia Medical Auth., 775 F.2d 1266, 1270 (4th Cir. 1985). Fisher v. Asheville-Buncombe Technical College, 857 F.Supp. 465, 471 (W.D.N.C. 1993).

No property interest is implicated by an unsuccessful bidder's failed attempt to obtain a contract. See, e.g., Lucas v. South Carolina Coastal Council, 505 U.S. 1003, 1030 (1992); Perry v. Sindermann, 408 U.S. 593, 599-603 (1972); Bd. of Regents v. Roth, 408 U.S. 564, 577 (1972); Jackson v. Long, 102 F.3d 722, 729-30 (4th Cir. 1996); Erickson v. United States, 67 F.3d 858, 863 (9th Cir. 1995); Green v. Cashman, 605 F.2d 945, 946 (6th Cir. 1979); Roberson v. City of Goldsboro, 564 F. Supp. 2d 526, 529-31 (E.D.N.C. 2008); RWM Consultants, Inc. v. Centro de Gestion Unica Del Suroeste, 491 F. Supp. 2d 245, 250-51 (D.P.R. 2007); Whitesill v. Town of Morrisville, 446 F. Supp. 2d 419, 423-24 (E.D.N.C. 2006).

There is no dispute that the parties agreed to convert the original contract into one that renewed monthly. Plaintiff has failed to demonstrate that it had any constitutionally protected property right in the continued renewal of its month-to-month contract with HACC. Since Plaintiff had no property right in the awarding or renewal of the contract, Defendants' Motion to Dismiss should be granted. See Chaudhry v. Prince George's County Md., 626 F. Supp. 448, 454 (D. Md. 1985) ("Section 1983 is to be interpreted against a 'background of tort liability.' Liability is imposed under this statute for subjecting a person to the deprivation of rights secured by the Constitution of the United States and not for breach of contract"). See also Montauk Bus Co. Inc. v. Utica City Sch. Dist., 30 F. Supp. 2d 313, 321 (N.D.N.Y 1998) (commercial vendor's "simple, state-law contractual rights, without more. . . are not the type of important interests that have heretofore been accorded the protection of substantive due process"); Bock Assocs. v.Chronister, 951 F. Supp. 969, 975 (D. Kan. 1996) ("Several circuit courts have held that alleged breaches in contracts to provide services to governmental entities are not violations of due process rights either because a property interest was not involved or because the right to litigate the matter in court was sufficient 'due process' "); A. Aiudi & Sons v. Town of Plainville, 862 F, Supp. 737, 742-743 (D.

Conn. 1994) ("Plaintiff's claims against the town are for breach of contract and not for a deprivation of rights secured by the United States Constitution, and a 'contract dispute' ... does not give rise to a cause of action under section 1983"); Cook v. Board of Sup'rs of Lowndes Co., Miss., 806 F. Supp. 610, 615 (N.D. Miss. 1992) ("Breaches or non-renewals of contracts do not amount to deprivations of property without due process actionable under § 1983"); Florida Paraplegic Ass'n v. Martinez, 734 F. Supp. 997, 1006 (S.D. Fla. 1990) ("if the state had merely breached a contract with (Plaintiff) he would have had no cause of action under Section 1983. Relief is predicated on a denial of a constitutional right...Section 1983...does not make a federal cause out of every breach of contract by a state agency"). .

The fact "[t]hat one of the parties to the controversy is a governmental unit does not automatically convert a common law contract action to a section 1983 claim." Lillehaug v. Sioux Falls, 788 F.2d 1349, 1352 (8th Cir. 1986). As the Supreme Court explained in Hudson v. Palmer, 468 U.S. 517 (1984), a party bringing suit under §1983 for violation of due process must do more than simply assert a deprivation of a property interest by persons acting under color of state law. The party must also must show that the state procedures available to challenge the deprivation are inadequate and therefore do not meet due process standards. Id., at 530-531. Here, Plaintiff's only claim is that Defendants breached the contract by not renewing it. Plaintiff has adequate state remedies for any contract or tort claims.

For those reasons and the other reasons stated in Defendant's briefs, the undersigned respectfully recommends that the Motion to Dismiss Plaintiff's 42 § 1983 claim be granted.

### C. Supplemental Jurisdiction of State Law Claims

Once all federal claims have been dismissed, district courts may decline to exercise supplemental jurisdiction over any remaining state law claims. 28 U.S.C. § 1367(c)(3); Shanaghan

v. Cahill, 58 F.3d 106, 110 (4th Cir. 1995) (under § 1367(c), the district courts "enjoy wide latitude in determining whether or not to retain [supplemental] jurisdiction over state claims when all federal claims have been extinguished") (citing Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988)). Declining supplemental jurisdiction where all federal claims have been dismissed is consistent with the general principle that federal jurisdiction is limited. Chesapeake Ranch Water Co. v. Board of Com'rs of Calvert County, 401 F.3d 274, 277 (4th Cir. 2005) (having dismissed federal claims, district court properly declined supplemental jurisdiction of state claims). See also Mercer v. Duke University, 401 F.3d 199, 202 (4th Cir. 2005); Pineville Real Estate Operation Corp. v. Michael, 32 F.3d 88, 90 (4th Cir. 1994).

"[I]t is well-settled that a district court's power to remand pendent state claims to state court is inherent in statutory authorization to decline supplemental jurisdiction under § 1367(c)." Battle v. Seibels Bruce Ins. Co., 288 F.3d 596, 606 (4th Cir. 2002) (citing Hinson v. Norwest Fin. S.C., Inc., 239 F.3d 611, 617 (4th Cir. 2001) (noting that circuit courts of appeal unanimously hold that power to remand is inherent in § 1367(c)).

Accordingly, for those reasons the undersigned respectfully recommends that this Court decline supplemental jurisdiction over Plaintiff's state law claims.

### III. ORDER

**IT IS ORDERED** that all further proceedings in this action, including <u>all</u> discovery, are **STAYED** pending the District Judge's ruling on this Memorandum and Recommendation and Order.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that "Defendants' Motion to Dismiss Complaint" (document #4) be **GRANTED**. The undersigned further recommends that Plaintiff's 42 U.S.C. § 1983 claim be **DISMISSED WITH PREJUDICE** and that the Court **DECLINE SUPPLEMENTAL JURISDICTION** over Plaintiff's remaining state law claims.

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to the parties' counsel; and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED AND ORDERED.**

Signed: February 2, 2016

David S. Cayer
United States Magistrate Judge